470

## MILLER et al. v. DALLAS COUNTY et al.
## No. 4877.

Court of Civil Appeals of Texas. El Paso.
July 16, 1952.

Rehearing Denied Aug. 15, 1952.

---

Ivan Irwin and William Andress, Jr., both of Dallas, for appellants.

John B. Webster, Billy B. Joiner and Rufus N. McKnight, Jr., Asst. Dist. Attys., and Scurry, Scurry & Pace, all of Dallas, Lasseter, Spruiell, Lowry, Potter & Lasater, Tyler, for appellees.

SUTTON, Justice.

This appeal is from the 14th District Court of Dallas County.

On January 24, 1928, Royal C. Miller and his sister, Mrs. Emma Miller Exline, owned 326.5 acres of land lying between Industrial Boulevard and the old Trinity River Channel, outside the City of Dallas, but within the boundaries of the City and County of Dallas Levee Improvement District. On or about January 24, 1928, the owners dedicated a strip across their lands 200 feet wide for boulevard and parkway purposes, as an extension of Cadiz Street. On March 15, 1928, a sale of the acreage was consummated to Bowman and Cravens, excepting therefrom approximately 2 acres theretofore sold and conveyed to the City of Dallas for an extension of Cadiz Street. Subsequent to these transactions Dallas County assumed jurisdiction of the roadway and paved and graded a strip 100 feet wide in the center of the 200 foot right of way. July 10, 1928, Bowman and Cravens conveyed the land to Industrial Properties Corporation.

Some time prior to 1932 the County of Dallas and Industrial Properties Corporation brought a suit to enjoin the Millers from in anywise obstructing any portion of the 200 foot strip and from interfering with the use thereof as a boulevard and parkway, and obtained in the trial thereof a permanent injunction so enjoining the owners. The judgment of the Court was that the Millers owned the fee-simple title to the strip but subject to the easement for road and street purposes in the County and the Industrial Properties Corporation. The judgment was affirmed in the case of Miller v. Dallas County, Tex.Civ.App., 71 S.W.2d 377 (e.r.). In that suit it was determined the acreage was sold subject to the dedication of the 200 foot strip for road and street purposes and as abutting thereon.

Thereafter and prior to 1941, the Millers brought a suit to recover the 50 foot strips on either side of the improved portion of the 200 foot strip alleging therein the County had abandoned such portions. A trial was had to a jury, verdict obtained to the effect the strips had been abandoned, but the Court rendered judgment for the defendants notwithstanding the verdict. The judgment was reversed by the Court of

Civil Appeals, 158 S.W.2d 828. The Supreme Court granted a writ and reversed the Court of Civil Appeals, holding there was no abandonment as a matter of law, 140 Tex. 242, 166 S.W.2d 922.

This suit was instituted by Miller and others, rather a motion was filed in the old original suit, to modify the permanent injunction on the ground there had been a change in conditions, that is to say, it had been determined by the Commissioners' Court of Dallas County the southern 50 feet of the 200 foot strip was no longer used nor needed for road and street purposes and had passed an order to that effect and abandoned and released to the owners such southern 50 feet. Dallas County, and Industrial Properties Corporation, each answered the motion, and Tower Properties, Inc., and L. S. Stimmons, owners of portions of the original Miller tract, intervened. The matter was tried to the Court and judgment entered denying the relief sought.

It was determined in the prior litigation the Miller acreage was sold with respect to the dedication of the right of way 200 foot strip through the property as an extension of Cadiz Street, and that the purchasers and their subsequent vendees acquired a property right appurtenant to their property in the easement for road and street purposes which could not be taken away by the owners of the fee nor surrendered by public authority. It seems not to be disputed that the property was so sold originally by the Millers with respect to the dedication made prior to the sale. In these circumstances the private rights of the abutting owners in the right of way easement and the right to use the whole of it and to have it maintained cannot be disturbed by the owners of the fee nor surrendered to their prejudice by Dallas County or other public authority. Dallas Cotton Mills v. Industrial Company, Tex. Com.App., 296 S.W. 503 and the cases there cited; Bowers v. Machir, Tex.Civ.App., 191 S.W. 758 and the cases there cited, to which might be added many more, and the trial Court's judgment is correct. Appellants' points are accordingly overruled and the judgment is affirmed.