**DAVIDSON et ux. v. GELLING et al.**

No. 6696.

Court of Civil Appeals of Texas.
Texarkana.

May 7, 1953.

Rehearing Denied May 28, 1953.

Fred Whitaker and Ruff Wall, Carthage, for appellants.

William Caven, Marshall, for appellees.

WILLIAMS, Justice.

In this trespass to try title action, appellants D. R. Davidson and wife, plaintiffs below, sued appellees W. L. Gelling, his wife and the City of Marshall, for the title and possession of a strip of land 25 x 789 feet designated and dedicated by Geo. L. Deupree and members of his family as the "Lewisville Road" in the plot of their addition to the City of Marshall, Texas. The city disclaimed, answering that this road was never accepted by the city for street purposes and had never been worked or maintained by the city. Gelling and his wife urged the judgment rendered on April 8, 1948, by the Harrison County District Court in cause No. 15,754 in bar to the instant suit as being res adjudicata of the matters here sought to be litigated. They further answered with a plea of not guilty.

The Deuprees filed their plat of the addition in Harrison County deed records on May 1, 1937. Subsequent to the filing of the plat, the dedicators conveyed off the lots, and in their conveyances made reference to the plat for further descriptions. It is without dispute that the Deuprees dedicated this strip which runs north and south across the west end of their original tract as the Lewisville road. Another passage that runs east and west which they dedicated and designated as the Georgetown road, bisects the original tract, feeds into the Lewisville road and intersects the Rosborough road on the east boundary line of the original tract. Lot No. 14 in Block 1 of the R. & B. Addition to the City of Marshall adjoins the W. B. line of the Lewisville road at its intersection with

State Highway No. 43. Lots 1 and 12 in Block 2 in the Deupree Addition adjoins the east boundary line of the Lewisville road. At the time of the trial in cause 15,754 Gelling and his wife owned and resided on above Lot No. 14, and one E. B. Shaw, a sub-vendee of Gelling, owned the north 121.75 feet adjacent to this road out of above Lot No. 12. At the time of the present trial Gelling and his wife still own and reside on Lot No. 14. It appears that the Davidsons owned and occupied Lot 1 and the south portion of Lot 12 at the time of both trials. Each of the above conveyances made reference to the plat of the Deupree Addition for further description.

Subsequent to the sale of the above and other lots, the dedicators on May 13, 1947, executed and delivered a quitclaim deed to appellant D. R. Davidson "covering a strip of land 25 feet wide by 750 feet long as shown on plat or map of the city as the Lewisville road." When Davidson then proceeded to fence up this road, appellee W. L. Gelling joined by E. B. Shaw, adjacent landowners to the road, filed on August 9, 1947, their petition for a mandatory injunction for removal of the fences that Davidson had erected and further that he be restrained from fencing or otherwise interfering with the use of same as the Lewisville road or street. Among other matters they alleged that the strip had been dedicated to the public use by reason of an expressed dedication in the instrument filed for record by the dedicators. Davidson answered in above action No. 15,754. Among other defenses he set up that the city of Marshall had never accepted or recognized Lewisville road as a street of the city, and answering further he alleged that he owned the strip in controversy by virtue of "a deed conveying said property to him from the Deuprees and entitled to the possession thereof." The trial in cause No. 15,754 under evidence which was substantially the same as adduced in the instant cause resulted in a decree dated April 8, 1948, which directed the removal of all fences and obstructions and perpetually enjoined Davidson from fencing or in any manner interfering with the use of said Lewisville road as a street. No appeal was taken from that decree.

▮ The litigants under their respective pleadings in cause No. 15,754 specifically put in issue the there asserted superior equitable right of an easement under the alleged dedication of the road to the public as against the asserted superior legal or record title or claim there urged as here under the quitclaim deed and the city's alleged refusal to accept same as a street of the city. The court so concluded that D. R. Davidson under his answer filed in cause No. 15,754 put in issue the title to the Lewisville road, the land in controversy in the instant cause, and that the former judgment was res adjudicata to any right or title that appellants now might claim in said road. The judgment of the trial court that plaintiff take nothing by the instant suit grounded on above conclusion is sustained.

▮ "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action * * *." 30 Am.Jur., Judgments, Secs. 178, 179, 183; 26 T.J., Judgments, Sec. 412.

▮ The trial court further concluded that the former judgment "had the effect of establishing a dedication to the general public of this road and conclusively vested an easement right in W. L. Gelling to the road." The evidence hereinabove set out sustains such conclusions. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924, 925; McLennan County v. Taylor, Tex.Civ. App., 96 S.W.2d 997, 999; 14 Tex.Jur., pp. 714, 720, 724, 726; Kalteyer v. Sullivan, 18 Tex.Civ.App. 488, 46 S.W. 288, 290; Bell v. Smith, Tex.Civ.App., 6 S.W.2d 778. "The principle upon which the binding and irrevocable nature of a dedication rests appears to be this, that when once a way, street, etc., has been laid out on the soil, or on a map, and property has been pur-

chased in reference thereto, the resumption of the street or way by the proprietor, would be an act of bad faith, and a fraud upon any interests acquired upon the faith of its being left open. Hence, it operates as an estoppel in pais of the owner (or his vendee or assignee) from exclusive use of the property, or indeed any use, which is inconsistent with the public use, to which it has been dedicated." Oswald v. Grenet, 22 Tex. 94, 102. In our opinion the holding in Cocke v. Texas & N. O. R. Co., 46 Tex. Civ.App. 363, 103 S.W. 407, w/r, cited by appellants, sustains the right of action urged affirmatively in the injunction suit and defensively in the present suit.

The judgment is affirmed.