**CITY OF HOUSTON, Appellant,**

v.

**E. O. HUGHES et ux., Appellees.**

**No. 10353.**

Court of Civil Appeals of Texas.

Austin.

Nov. 9, 1955.

Rehearing Denied Nov. 30, 1955.

Will G. Sears, City Atty., Richard H. Burks, Robert L. Burns, Asst. City Attys., Houston, for appellant.

C. B. Stanley, Houston, for appellees.

HUGHES, Justice.

This suit was brought by appellees E. O. Hughes and wife against the City of Houston to recover the title to and possession of a strip of land 33.5′ wide and 249.5′ long located in the City of Houston.

The strip in suit bisects the West ½ of Lot 48 of the Porter and Baker Addition to the City of Houston, which West ½ of said lot, including such strip, was acquired by appellees in October 1945.

Since October, 1945, the City, either directly or through mesne conveyances has acquired appellees' title to all of the West ½ of Block 48 except, as the trial court held, as to the strip in suit.

It is undisputed that subsequent to the time that appellees acquired the West ½ of Lot 48 that they surveyed, graded and laid a shell surface on this strip for road purposes. The exact date of the construction

of this road is not clear, Mr. Hughes testifying "I don't remember just how long after I bought it but probably a couple of years, something like that, I put a roadway across there."

He further testified "I sold seven lots, I think, on the street, on that roadway there."

The jury found that such strip was never dedicated by appellees as a "public street."

We insert the following plat of the West ½ of Lot 48 which shows the relative position of the strip and the remainder of the lot and the history of its title since appellees acquired it in October, 1945.[1]

| 50' | 50' | 50' | 46' | 53' |
|---|---|---|---|---|
| 7-2-47 HUGHES TO GRUBBS — 6-20-50 GRUBBS TO CITY #2 | 3-11-48 HUGHES TO GHOLSTON — 6-30-49 GHOLSTON TO CITY #3 | 3-14-49 HUGHES TO RYAN — 8-31-49 RYAN TO CITY #5 | 6-30-49 HUGHES & GHOLSTON TO CITY #6 | 5-15-48 HUGHES TO BYRUM — 11-27-51 BYRUM TO CITY #4 |

TRACT SUED FOR 33.5' X 249.5'   [CHRISTY STREET]

WHITTY STREET 40'

100' 3-9-47 HUGHES TO BRUNO
8-9-48 BRUNO TO MORGAN  8-25-49 BRUNO TO CITY
8-4-49 MORGAN TO CITY
50' #1

149.5'
8-10-49 HUGHES TO CITY

#7

1. This plat was prepared by appellees' attorneys. It is not in evidence. We have added "Christy Street" because the tract sued for is sometimes referred to by that name.

The only deed which specifically refers to this strip is the one from appellees to Nannie Grubbs, July 2, 1947, and we quote such reference:

"Thence south along the east line of Whitty Street a distance of 95 feet to the north line of a private road known as Christy Street;

"Thence east along the north line of said private road a distance of 50 feet to point for corner; * * *"

That the other deeds were made with reference to such strip is shown only by construction of their calls for course and distance, which coincide with the existence of the strip.

Each of the deeds involved conveyed the premises " * * * together with all and singular the rights and appurtenances thereto in anywise belonging * * *" and none of such deeds reserved any rights to the land in suit.

We quote from the testimony of Mr. Hughes regarding his purpose in establishing the roadway:

"Q. What was your purpose in establishing that roadway, Mr. Hughes? A. Well, it was for the purpose of an outlet for the people I might sell to there.

"Q. And did you sell various pieces of property along the road? A. I sold seven lots, I think, on that street, on that roadway there.

"Q. And why did you feel that you should establish a roadway as an outlet to these property owners you sold to? A. Well, I knew if I didn't that I couldn't sell anything."

Mr. Hughes "a quite a while ago" but not long after the road was built, placed a "private street" sign at its intersection with Whitty Street. Just how long this sign stayed up is unknown as Mr. Hughes moved out of the county. No effort was made to prevent the general public from using the roadway and the public did use it.

Regarding his intentions in the matter Mr. Hughes testified:

"Q. Will you tell us whether or not you ever had any intention at the time you started this roadway or at any time after that of designating or dedicating or giving this strip of ground to either the City of Houston or to the public generally? A. I will tell you what happened. When I tried to get building permits I was refused building permits unless I was on a street that was dedicated to the city. Then after I got permits on that street then I could put my buildings where I wanted to. Well, I wanted to get water in there and I couldn't get water in there without the city taking it over, so I offered to dedicate it to the city and they refused to accept it.[2]

* * * * * *

"Q. Mr. Hughes, was it ever your intention after you started cutting this street at any time to give it to the public generally or to the City of Houston? A. Oh, no.

* * * * * *

"Q. Did you ever have any intention of giving this roadway that you cut through there to the City of Houston or to the public generally? A. No, sir, not in the beginning. I put that roadway there for the people for an outlet I might sell to."

Appellant's single point is that its title to the strip of land in suit was established as a matter of law and that the trial court overruled its motion for judgment and for judgment notwithstanding the verdict.

We agree with appellant.

Appellees' position is that as to tracts 3, 4, and 5, shown on the above plat, the original purchasers from Hughes acquired a way of necessity over the remainder of

2. This rejection is unimportant in view of acceptance by public use. See 14 Tex.Jur. p. 713.

Hughes' land which expired when the necessity ceased to exist, citing Alley v. Carleton, 29 Tex. 74, in support.

As to tracts 1 and 2 appellees say the grantees had no character of easement over the remainder of the Hughes' land because they abutted on Whitty Street, a public thoroughfare.

■ All parties accept the rule that a conveyance of land bounded on a *public* highway carries with it the fee to the center of the road unless rebutted by the express terms of the grant.

Appellees contend that such rule is not applicable to *private* roads and that such is the character of the road in question.

Appellant contends that the rule is applicable to *private* roads.

Many cases are cited in support of these respective contentions.

We find it unnecessary to resolve the interesting question presented because, in our opinion, the road involved here is a public road and the conveyances having been made in recognition of such road the rule set forth above is applicable.

In 25 American Jurisprudence, p. 340, it is stated that "The term 'highway' is given and includes all public roads and ways" and that "Highways are distinguished from private roads or ways in that the former are intended for the use of the public generally and are maintained at the public expense * * * while the latter are intended for the exclusive use and benefit of particular persons."

We quote from Kalteyer v. Sullivan, 18 Tex.Civ.App. 488, 46 S.W. 288, 290 (San Antonio), writ denied:

"A way over land set apart for public travel in a town or city is a street, no matter what it may be called. It is the purpose for which it is laid out and the use made of it that determines its character. 'Street' is a general term, and includes all urban ways which can be and are generally used for the ordinary purposes of travel. A narrow way, less in size than a street, is generally called an 'alley'; and, if the alley is a public one, it is a highway, and, in general, is governed by the rules applicable to streets. Elliott, Roads & S. 12, 13. The old maxim, 'Once a highway always a highway,' still holds good so far as concerns the rights of abutters, or others occupying a similar position, who have lawfully and in good faith invested money or obtained interests in the just expectation of the continued existence of the highway."

From Bradford v. Moseley, Tex.Com. App., 223 S.W. 171, 173, we quote:

"What is a public road is in a measure dependent on the facts of each particular case, but the character of a road does not depend on its length, nor upon the place to which it leads, nor is its character determined by the number of people who actually travel upon it. Decker v. Menard [County, Tex.], Civ. App., 25 S.W. [727] 728; Elliott on Roads, §§ 1 to 7. A road may be established which is a cul-de-sac. Id. A road open to the public is a public road, though one person may be most benefited by it. Galveston [H. & S. A. Ry. Co.] v. Baudat, 18 Tex.Civ.App. 595, 45 S.W. 939. It is a highway if there is a general right to use it for travel, and if it is open to the use of all the people. Elliott on Roads, §§ 1–3; Sumner [County] v. Interurban [Transp. Co.], 141 Tenn. 493, 213 S.W. 412 [5 A.L.R. 765]."

In Art. 7065b–1(k), Vernon's Ann.Civ.St., a taxing statute, the Legislature defined "Public Highway" as meaning and including "every way or place of whatever nature open to the use of the public as a matter of right for the purpose of vehicular travel * * *."

■ The laying out or maintenance of a road by public authority is not essential

to its being a public road. Houston E. & W. T. R. Co. v. Sherman, Tex.Civ.App., Beaumont, 10 S.W.2d 243, reversed on other grounds, Tex.Com.App., 42 S.W.2d 241.

■ To label this road a "private street," as Mr. Hughes did, is to state an obvious contradiction. The nature of the road is not determined by the name ascribed to it and the fact that Mr. Hughes erected the "private street" sign is, in our opinion, of no evidentiary value. Kalteyer, supra. 39 Tex.Jur. p. 509; 39 C.J.S., Highways, § 1, p. 916.

■ As to the testimony of Mr. Hughes regarding his intentions in opening · the road, which are self contradictory and ambiguous, we believe that regardless of his intentions in the matter he is precluded from asserting that such street was not dedicated to public use under the following authority from which we quote:

"The principle upon which the binding and irrevocable nature of a dedication rests, appears to be this: that when once a way, street, etc., has been laid out on the soil, or on a map, and property has been purchased in reference thereto, the resumption of the street, or way, by the proprietor, would be an act of bad faith,. and a fraud upon any interests acquired upon the faith of its being left open. Hence, it operates as an estoppel in pais of the owner, from exclusive use of the property, or indeed any use, which is inconsistent with the public use, to which it has been dedicated." Oswald v. Grenet, 22 Tex. 94, 102.

It is our opinion that the evidence conclusively shows that the road in question has all the characteristics of a public road and that appellees having conveyed all the property owned by them abutting such road failed to prove that they had any interest in the subject matter of this suit other than the interest of the general public. It is, therefore, ordered that the judgment of the trial court be reversed and judgment is here rendered that appellees take nothing by their suit.