

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 9, 1957.

Honorable Bob Strickland
House of Representatives
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. WW-78

Re: Constitutionality of House
Bill 432 of the 55th Legis-
lature, Regular Session,
1957.

You have requested an opinion on the constitutionality of
House Bill 432 of the 55th Legislature, Regular Session, 1957, as
amended by the Committee Amendments Nos. 1 and 2. House Bill
432, as amended, reads as follows:

"A BILL

"To be entitled

"AN ACT to make fully operative and available for
and within the State of Texas the Federal-
Aid Highway Act of 1956 by amending Title
116, Chapter 1, Revised Civil Statutes of
Texas, 1925, by adding thereto a new Article
and so as to provide for reimbursement to
utilities, publicly, privately and cooperatively
owned, of the cost of relocation necessitated by
any federal-aid project; and declaring an
emergency.

"Section 1. That Title 116, Chapter 1 of the
Revised Civil Statutes of Texas, 1925, be amended by
adding thereto the following Article, said Article to
read as follows:
'1. Whenever the relocation of any utility
facility is necessitated by the improvement of any
highway in this State which has been or may hereafter
be established by appropriate authority according to
law as a part of the Federal-Aid Primary or Secondary
System or the National System of interstate and defense
highways, including extensions thereof within urban
areas, such relocation shall be made by the utility
at the cost and expense of the State of Texas and reim-
bursement of the cost of relocation of such facility
shall be made from the State Highway Fund to the
utility owning such facilities, anything contained in

any other provision of law or in any permit, or
agreement or franchise issued or entered into by
any department, commission or political subdiv-
ision of the State to the contrary notwithstanding.'

"Section 2. For the purposes of this Article,
the term 'utility' shall include publicly, privately,
and cooperatively owned utilities engaged in furnish-
ing heating, water, gas, electric, telephone, tele-
graph, communication, railroad, sewerage or pipeline
service; and the cost of relocation shall include
the entire amount paid by such utility properly
attributable to such relocation after deducting
therefrom any increase in the value of the new facility
and any salvage derived from the old facility.

"Section 3. . . . ."

Section 17 of Article I of the Constitution of
Texas provides:

"Section 17. No person's property shall be
taken, damaged or destroyed for or applied to public
use without adequate compensation being made, unless
by the consent of such person; and, when taken, except
for the use of the State, such compensation shall be
first made, or secured by a deposit of money; and no
irrevocable or uncontrollable grant of special privileges
or immunities, shall be made; but all privileges and
franchises granted by the Legislature, or created under
its authority shall be subject to the control thereof."

Insofar as the provisions of House Bill 432 allow the
State to pay the cost of taking private property for public use,
the payment would be in compliance with the provisions of Section
17 of Article I of the Constitution of Texas. It is noted, how-
ever, that the provisions of House Bill 432 are not limited to
the payment of acquired property rights. It fails to distin-
guish the condition under which the utility involved is occupying
the space from which the relocation becomes necessary.

Section 51 of Article III of the Constitution of
Texas provides:

"The legislature shall have no power to make any
grant or authorize the making of any grant of public
moneys to any individual, association of individuals,
municipality or other corporations whatsoever; . . ."

The Court, in Road District No. 4, Shelby County v.Allred, Attorney General, 123 Tex. 77, 68 S.W.2d 164 (1934) after setting out Section 51 of Article III of the Constitution, held:

". . .It is the settled law of this state that the above-quoted constitutional provision is intended to guard against and prohibit the granting or giving away of public money except for strictly governmental purposes. The prohibition is an absolute one, except as to the class exempted therefrom, and operates to prohibit the Legislature from making gratuitous dona- tions to all kinds of corporations, private or public, municipal or political. . . ."

In City of Mission v. Popplewell,     Tex.     ,294 S.W.2d 712 (1956), it was stated:

"The city controls the streets as trustee for the public.  It has no proprietary title nor right to exclusive possession.  Its right of control is restricted by its trusteeship.  It has the duty to maintain the streets and keep them open and free of obstruction.  It can close a street only in the public interest and even then not over the objection of an abutting property owner with a co-existing private easement therein.  Kahn v. City of Houston, Tex. Com. App., 121 Tex. 293, 48 S.W.2d 595;  Dallas Cotton Mills v. Industrial Co., Tex. Com. App., 296 S.W. 503; 39 Tex. Jur., 603-605.

"Thus the interest which a city has in its streets and alleys is unique and legally sui generis. It has no proprietary title but exercises many of the rights of title on behalf of the public.  It is less than the private easement in that the city cannot recover damages for the obstruction of a street.  It is more than a private easement in that the control of the street is greater. . . ."

A city's ownership and operation of some public utilities is not a "governmental function", but is "proprietary" in its nature and constitutes the "business or corporate function" of the city in question. City of Crosbyton v. Texas-New Mexico Utilities Company, 157 S.W.2d 418 (Tex. Civ. App. 1942, error ref. w.o.m.).

House Bill 432 is constitutional insofar as it authorizes payment of the cost of relocation of utility facilities in those instances where prior property or contract rights exist, or where

the city is something other than a mere permissive occupant in the proprietary capacity.  City of Beaumont v. Priddie, 65 S.W. 2d 434 (Tex. Civ.App., 1933 reversed and caused to be dismissed without prejudice since the case had become moot in T & N O Railroad Company v. Priddie, 95 S.W.2d 1290).

House Bill 432 is unconstitutional insofar as it attempts to authorize reimbursement in those instances where the State is not authorized to bear the expense of relocation.  Since the provisions of House Bill 432 are not severable, it is our opinion that House Bill 432 of the 55th Legislature, Regular Session, 1957, as submitted, is unconstitutional, being in violation of Section 51 of Article III of the Constitution of Texas.

## SUMMARY

House Bill 432 of the 55th Legislature, Regular Session, 1957, is unconstitutional as submitted.

Very truly yours,

WILL WILSON
ATTORNEY GENERAL

By John Reeves
John Reeves
Assistant

Wayland C. Rivers, Jr.
Assistant

JR:F:jl:rh

APPROVED:

OPINION COMMITTEE:
H. Grady Chandler
        Chairman
Edwin P. Horner
Riley Eugene Fletcher
Will Davis

REVIEWED FOR THE ATTORNEY GENERAL

Geo. P. Blackburn