**Carroll H. MAXWELL, Appellant,**

v.

**H. A. MADDOX et al., Trustees of the Church of Christ of Richardson, Texas, Appellees.**

**No. 11034.**

Court of Civil Appeals of Texas.

Austin.

Nov. 7, 1962.

Rehearing Denied Nov. 28, 1962.

Spafford, Ledbetter, Freedman, Hamlin & Gay, Warren Whitham, Dallas, for appellant.

Wynne, McKenzie, Stroud, Jaffe & Tinsley, Jack W. Hawkins, Dallas, for appellees.

ARCHER, Chief Justice.

This is a suit in trespass to try title brought by appellees against appellant. The matter in controversy between the parties is whether a strip approximately twenty (20) feet in width along the entire west side of appellees' property is a public road or street by virtue of an implied common law dedication. The Trial Court, without the intervention of a jury, found that the strip of land in controversy was not a public street and entered judgment for appellees.

The appeal is based on four points assigned as error by the court in failing to find that the strip of land was a public road or street by virtue of a common law dedication, in finding that the church did not dedicate the strip to the City of Richardson as a public street, that the strip is not a public thoroughfare, that the church has title to the strip free of all dedications of every nature, that neither appellant nor the public has any right to use the strip, and that the church is entitled to exclusive use of the strip because the evidence shows that there has been an implied common law dedication of the strip as a public road or street by the appellees.

The third point is that the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust; and finally that there is no evidence to support the findings and judgment of the court, in that the appellant and the public are not bound by private arrangements between appellees and Messrs. Cassidy and Holley, and the court erred in permitting witnesses Green, Maddox and Wallace to testify that they did not intend to dedicate the strip as a public street or road.

We believe that the strip of land in controversy, sometimes called Cliff Lane, and at other times called Church or Cliff Street, was a public road or street by virtue of an implied common law dedication and that the Trial Court erred in not so holding and finding and we reverse and render judgment for the appellant.

We are inserting herein a map showing portions of the church property, the entire street area, and the property on the western side of the street or road known as the James, Holley and Cassidy lots. There is also shown the property now owned by appellant Maxwell.

The church owned the property including the strip. Sometime in 1950 the church built a chain link fence on its property, 20 feet from its western boundary thus leaving an area 20 feet wide and approximately 297 feet in length, which extended in front of the James, Holley and Cassidy houses and providing an outlet for the occupants of the four houses.

This strip was used by the occupants of the houses, their guests and the public in general having occasion to use the area.

We insert herein Defendant's Exhibit Nos. 6, 7 and 13, pictures of the area showing the streets, and the adjacent properties, which reflect a well defined road or street known or called Cliff Street.

One of the appellees, C. L. Green, testified that he was the overseer of the church property and an elder, and had known the property since 1946, and was a regular attendant at the church; that the strip involved in this litigation was a grass and weed patch, with a little area where Mr. James would park; that he knew Mr. Cassidy in his lifetime, that in about 1950 Cassidy faced two houses toward the church property. That the fence was built to keep people from using the property and going in various directions in trucks and cars. That the church elders contacted the parties owning land on the west side of the church property and told them that the church was going to build a fence to protect the property but wanted to be neighbors and would allow a temporary usage, and that the fence was temporary, and had no objection to Mr. Cassidy and his tenants using the property.

Mr. Cassidy said he would appreciate the use and would make a contribution to the church which he did in the sum of $118.59, which was ⅓ of the down payment on the fence; that similar agreements were made with Mr. Holley and Mr. James. Other members of the official board of the church testified in substance similar to that given by Mr. Green and we see no need to recite such.

The street or road was improved by the county by placing asphalt on the strip, which was all right with the church. The strip was not used by people coming to church after the fence was erected but was used generally by people coming to the Cassidy, Holley and James houses.

After the apartment house was built the church removed the fence and had posts set as barriers in front of the Cassidy property. The two houses had been removed. The fence was removed in July 1960.

A gas line was laid in the street area in 1952, and no objection thereto was made by the church officials, and no effort has been made to cause a removal of the gas line.

Mail was delivered to occupants of the four houses and deliveries made by concerns having business with the occupants.

On January 30, 1952, the Board of Commissioners of the City of Richardson, by resolution, officially accepted Cliff Lane as a public street. The appellees are not making any objection to the use of the strip of land, called Cliff Lane by the occupants of either the Holley or James houses.

In this case we are concerned only with an implied dedication under the common law. In Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957, our Supreme Court held that dedication of land to public use need not be shown by deed, nor for any particular length of time, and that:

"Our courts recognize the doctrine that a dedication of land to public use need not be shown by deed, nor by public use for any particular length of time. It is sufficient if the record shows unequivocal acts or declarations of the landowner, dedicating same to public use, and where others act on the faith of such dedication, the landowner will be estopped to deny the dedication, or to make any future use of the property

inconsistent with any purpose for which the land was dedicated. Common-law dedications, such as the one here involved, are subdivided into two classes, express and implied. 'In both it is necessary that there should be an appropriation of land by the owner to public use, in the one case by some express manifestation of his purpose to devote the land to the public use, in the other by some act or course of conduct from which the law will imply such an intent.'

\*   \*   \*   \*   \*   \*

" 'It is essential that the donor should intend to set the land apart for the benefit of the public, for it is held, without contrariety of opinion, that there can be no dedication unless there is present the intent to appropriate the land to the public use. If the intent to dedicate is absent, then there is no valid dedication. The intent which the law means, however, is not a secret one, but is that which is expressed in the visible conduct and open acts of the owner. \* \* \* If the open and known acts are of such a character as to induce the belief that the owner intended to dedicate the way to public use, and the public and individuals act upon such conduct, proceed as if there had been in fact a dedication, and acquire rights which would be lost if the owner were allowed to reclaim the land, then the law will not permit him to assert that there was no intent to dedicate, no matter what may have been his secret intent.' "

City of Houston v. Hughes, Tex.Civ. App., 284 S.W.2d 249, error ref. N.R.E.

We have given careful consideration to the able brief filed by counsel for appellees and the authorities cited but believe that the decision in this case is controlled by the Owens v. Hockett case, supra, and that of City of Houston v. Hughes, supra.

The judgment of the Trial Court is reversed and judgment is here rendered establishing the strip of land as a public road or street known as Cliff Lane, in accordance with the field notes.

Reversed and rendered.