**C. B. HALL, Appellant,**

v.

**WELDON FOODS COMPANY et al., Appellees.**

**No. 17441.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 19, 1973.

Garrett & Nation and Fred D. Nation, Jr., Fort Worth, for appellant.

Wynn, Irby, Brown, McConnico & Mack, and Elmo Irby, Fort Worth, for appellees.

OPINION

LANGDON, Justice.

This appeal is from a judgment granting an injunction on behalf of the appellees against the appellant, C. B. Hall, perpetually enjoining the latter from obstructing a right-of-way over and across certain real property described in the judgment. The case was tried to the court without a jury. Findings of fact and conclusions of law were made and filed by the court.

The appellant asserts error on the part of the court in (1) finding and holding the appellees had acquired a private easement and (2) in granting the injunction as the appellees were not abutting property owners.

We affirm.

The property over which an easement by prescription is asserted by the appellees is comprised of two tracts of land. The first of such tracts is a right triangle with a 16-foot base on the north side of Devitt Street, the triangle being a northern extension of May Street according to the plat thereof. The other tract of land included in the Court's judgment establishing the "right-of-way", continues across the right-of-way of the Missouri-Kansas-Texas Railroad. (The Railroad Company has not asserted any right adverse to the use being made of the property.)

The testimony showed without dispute that the City of Fort Worth closed May Street on August 12, 1968, and that thereafter appellant Hall erected a fence across the southern base of the triangular northern extension of May Street that was closed by the City. (The City of Fort Worth is not a party to this action.)

Among the court's findings of fact were:

"3. The Plaintiffs in this case by use for a period of more than twenty (20) years prior to the filing of this suit, continuously, openly, adversely, exclusively and publicly acquired a private easement by prescription to use a certain road and right-of-way easement through Lot 5, Block 34, Ryan and Pruitt Addition, Fort Worth, Tarrant County, Texas, and the adjoining lands described by metes and bounds in the Judgment delivered by the Court herein. (The record is silent as to any grant of a permissive use.)

"4. That the said road and right-of-way easement is the only convenient means of ingress and egress to and from said tracts of land to West Berry Street, a major thoroughfare which Plaintiffs find it necessary to reach in order to carry out their various business transactions.

"5. That the Plaintiffs did use said property above described for the transportation of materials and other supplies in connection with their businesses, and they have therefore acquired a perpetual and permanent right-of-way use of said strip of land as a means of ingress and egress to and from the lands owned by the Plaintiffs . . . .

"6. . . . That Plaintiffs are the rightful owners of such easement as an appurtenance to their real property above described;

"That said private easement was not affected by the City's closing of a small portion of May Street in the year 1968."

■ We find and hold that the above quoted and other essential findings of fact made and filed by the trial court are based upon ample evidence, which for the most part was undisputed.

■■ The right here asserted does not have to be that of a right-of-way of necessity or one incident to abutment, or one belonging to mere citizenship and grounded in possible endurement of special injury. The City has jurisdiction by virtue of its charter power to lay out, alter, maintain, vacate and close streets. Proper exercitation of that authority would enable it to relinquish public easement. Private right would be left intact. Dallas Cotton Mills v. Industrial Co., 296 S.W. 503 (Tex.Com.

**718**

App., 1927). See also Greer v. Robertson, 297 S.W.2d 279 (Fort Worth Tex.Civ.App., 1956, ref., n. r. e.).

The case of Dykes v. City of Houston, 406 S.W.2d 176 (Tex.Sup., 1966) an injunction suit, holds that the city cannot interfere with a plaintiff's use of a private easement even after a street has been closed by action of the city under the statutes. The City Ordinance in this case does not purport to terminate use of the easement asserted but only to vacate that portion of May Street which comprises a small triangle adjoining the south boundary line, and quitclaim that triangle to the appellant. It did not by its terms include the greater portion of the property covered by the easement or, in fact, the easement itself.

The dedication of private land to public use as a road may be by overt act of owners. In the absence of overt act, there may be such use by the public under such circumstances as will support an inference that the owner dedicated his land to such use. Dunn v. Deussen, 268 S.W.2d 266 (Fort Worth Tex.Civ.App., 1954, ref., n. r. e.). Dunn was expressly approved by the Texas Supreme Court in O'Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878 (1960). See also Compton v. Thacker, 474 S.W.2d 570 (Dallas Tex.Civ.App., 1971, ref., n. r. e.) and Miller et al. v. Dallas County et al., 252 S.W.2d 470 (El Paso Tex.Civ.App., 1952, error ref.).

The record in this case contains ample evidence to show the irreparable nature of the injury to real estate and that there was no adequate remedy at law other than injunction for the damaged real property caused by the blocking of the natural access which was already in use by the appellees.

The cases cited by the appellant have no application to the facts of the case with the possible exception of Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622 (1950).

The decision in Othen was apparently based on the fact that the appellant below did not prove the exact location on the ground of the roadway he sought to maintain by injunction against blocking and there is the statement that he did not show ten years use.

Finding and holding as we do that there is ample evidence to support the judgment of the trial court we accordingly overrule the points of error urged by the appellant and affirm the judgment of the trial court.

Affirmed.