**BLAIR et al. v. ASTIN et al.** (No. 9188.)

Court of Civil Appeals of Texas. Galveston. Oct. 25, 1928.

Rehearing Denied Nov. 8, 1928.

Sewall Myer, J. H. Painter, and W. J. Howard, all of Houston, for appellants.

Franklin & Blankenbecker, of Houston, for appellees Astin et al.

Allen B. Hannay, of Houston, for H. A. Paine.

GRAVES, J. The city of Houston and J. M. Blair appeal from a judgment in favor of the appellees enjoining the closing against travel of that portion of Richey street lying between the north line of Nance and the south line of North San Jacinto, and canceling a deed thereto from the city to Blair of date April 14, 1924.

The trial court's findings of fact and law were as follows:

#### "Findings of Fact.

"1. I find as a fact that the property known as Richey Addition has been regularly platted and there have been of record maps of said addition, delineating said lots and blocks and streets as Richey Addition for forty or fifty years.

"2. I find that the street known as Richey Street has been open and has been used more or less by the public for thirty or forty years.

"3. I find that the chains of title under which the plaintiffs, Mabel F. Astin, the intervenor H. A. Paine, and the defendant J. M. Blair hold called for the property owned by them as being a portion of Richey Addition, and called for the various streets, alleys and blocks shown in said Addition.

"4. I find that in the event the extension of Richey Street between what is known as North San Jacinto, formerly Liberty Avenue, and Nance Street is closed by the City that such action would damage to a material extent both the plaintiff and the intervenor; such damage consisted of a difficulty on the part of heavy vehicles going out from Richey Street.

"5. I find further that such action would decrease the value of the property owned by plaintiff and intervenor.

"6. I find that at the time the parties purchased their property said street was open and used as a public street.

"7. I find that neither plaintiff nor intervenor consented to or knew of the transfer of said portion of Richey Street from the City to the defendant, Dr. J. M. Blair.

"8. I find that said portion of Richey Street

has not been in a high state of repair up to a comparatively recent date, to-wit, up to about 1914.

"9. I find that while the closing of said portion of Richey Street would decrease the value of said property and inconvenience the tenants on the properties of plaintiff and intervenor, it does not cut off the means of ingress and egress to the property of either plaintiff or intervenor.

"Conclusions of Law.

"I conclude as a matter of law that the plaintiff and intervenor are entitled to the relief prayed for."

None of these findings upon the facts having been attacked, they stand here as established; to them certain other material features, shown by the undisputed evidence, may properly be added; to make the whole situation clearer, this sketch of the locality affected by the injunction—traced from a map in evidence—upon which the streets and properties of the individual parties have been designated by writing thereon the several street and personal names, and that portion of Richey street to which the writ applied by the word "enjoined," is appended:

east and west sides, and that the appellees' holdings did not abut that particular portion of Richey at all, but did abut on both sides the portion of it that lay south across Nance street; (2) that all this territory had been within the city of Houston since long before any of the individual litigants acquired their properties; (3) that B. Richey was the common source of title to their several tracts between Blair, the Astins, and Paine, and all of them held, respectively, down under the children and heirs of himself and his wife parts of the 5.57 acres set apart in 1872 to the latter, by the judgment of the Harris county district court in cause No. 6575, Magee et al. v. Rice et al., these different conveyances into the parties here describing the property passing thereby to them as part of the Richey addition by reference to the recorded map thereof to which the trial court refers; the record conclusively shows that, subsequent to the recording of this map, those dealing with this property generally, including the Richey heirs in particular, recognized and conveyed it as such according to that map; (4) the city executed

From the evidence as a whole, it thus uncontrovertedly further appears: (1) That appellant Blair owned the property in blocks 5 and 12 of the Richey addition touching the "enjoined" part of Richey street on both its

and delivered to its coappellant, Blair, a deed to the strip of Richey street involved of date April 14, 1924, for a recited consideration of $2,300 and odd dollars, but never passed any ordinance closing it, merely reciting in its

pleading in this suit that it intended doing so in the future.

In this court, as applied to these facts, the appellants, for both of whom the city assumed the laboring oar, contend that the city not only had the right to convey or release its interest in the "enjoined" portion of Richey street to Blair, but to vacate and close the same pursuant thereto under the powers granted it in section 4 of article II of its charter, relating to the public streets within its boundaries, there being, within their view, no adverse property right therein inuring to the appellees either from being abutting owners or as holding along with either of themselves under a "common source proprietor"; while, upon the other side, the appellees assert they did have such property right in it, although not abutting that particular part of Richey street, because they and appellant Blair did in fact and effect hold down under a common-source proprietor with reference to all the streets in that section of the Richey addition, wherefore appellants were without authority to close it up.

■■ In the argument the able counsel for appellants concede that, if Blair, the Astins, and Paine should be found to have held under a common-source proprietor with reference to the streets in the Richey addition, appellees did have such special property right or easement of way in the "enjoined" strip as entitled them to prevent its being closed, under the authority of Dallas, etc., v. Industrial Co. (Tex. Com. App.) 296 S. W. 503, and Bowers v. Machir (Tex. Civ. App.) 191 S. W. 758. Under the interpretation we have made of the facts, finding in effect that they did so hold, and in view, further, of what we conclude to be the necessary effect of the injunction as issued, we are relieved of the determination of other matters discussed in the briefs; indeed, we think the holdings in these cited cases foreclose the only two questions necessarily arising here, that is, as against the rights of the appellees: (1) Did the appellants have the right to close against travel the "enjoined" portion of Richey street; (2) did the city of Houston have the right through its deed to Blair to merely relinquish its public easement for street purposes in such portion?

On what we find to be the equivalent of the same state of facts, they answer the first inquiry in the negative and the second in the affirmative.

Having passed no ordinance or resolution, nor done any other overt act looking toward physical closing of the street at that point, in fact nothing, except, by the instrument to Blair for a recited consideration of $2,346.54 and exchange of property, to release any interest it might have therein, the position of the city of Houston in this instance was not materially different from that of the city of Dallas in the Industrial Company Case. It is true that the expressed power granted in the charter it invoked was somewhat broader in terms than that recited in the Dallas charter, in that it was given the right to sell as well as vacate and close its public streets; but, since all it did anyway under the deed was to release its interest, the result is the same.

Furthermore, while this court may not anticipate the future passage of ordinances by the city, notwithstanding the expression of such an intention in its pleadings, it would make no difference, under the authorities cited, even had the enabling acts already been regularly passed, for, in the circumstances, its power as concerned the rights of the appellees stopped anyway with the release of its public easement in the street.

We think it would serve no useful purpose to further discuss these two controlling questions the record here presents, as both have been adjudicated with the approval of our Supreme Court in the cases referred to.

■ The map in evidence was, in our opinion, so clearly admissible that we overrule the proposition contending otherwise without detailed treatment.

These conclusions require that so much of the decree appealed from as declared the the deed from the city to J. M. Blair of April 14, 1924, "void, cancelled, and of no force and effect," be eliminated therefrom, and that, after being so reformed, the judgment be in all things affirmed; that order has accordingly been entered.

Reformed and affirmed.