CITY OF LUBBOCK V. ROGER Q. STUBBS.

No. A-7238. Decided July 8, 1959.
Rehearing Overruled October 7, 1959.
(327 S.W. 2d Series 411)

*Vaughn E. Wilson* and *Fred O. Senter, Jr.*, of City of Lubbock, for petitioner.

*Campbell & Brock*, and *W. W. Campbell*, of City of Lubbock, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

In this suit, instituted by the City of Lubbock against Roger Q. Stubbs, the trial court granted a temporary injunction restraining and enjoining Stubbs from further additional use of his property and from using such property in violation of a comprehensive ordinance adopted by the City of Lubbock, Texas, in April 1955. On appeal to the Court of Civil Appeals at Amarillo, that court reversed the judgment of the trial court, dissolved the temporary injunction, and directed the trial court to dismiss the case. 320 S.W. 2d 712. The Court of Civil Appeals, by such action, sustained Stubbs in his contention that the judgment rendered in a prior suit and made final by judgment of the Court of Civil Appeals, between the same parties, involving the same issues, is res judicata of the present suit. We have concluded that the issue involved in the present suit was not determined and adjudicated in the former suit. Therefore, the City of Lubbock is not estopped by judgment from litigating the issues involved in the present suit.

The material facts and the issues involved in the two suits are these: In the first suit, the city sought to enjoin Stubbs from violating Zoning Ordinance No. 661. Evidence was introduced. The court filed findings of fact and conclusions of law. Ordinance No. 661 was in effect at the time Stubbs' property was annexed to the city. At the time of the annexation, and long prior thereto,

Stubbs' property was devoted to commercial or business use. The trial court, in the former suit, found that the zoning ordinance, supra, automatically placed the Stubbs' property in an "A" zone for residence use and improvement only, and that the city did not rezone the property after annexation and would not permit improvements of said property for business use. The court found that at the time of the trial Stubbs' home was situated upon said property, and was being used and occupied by him in the operation of his business; that at the time of the annexation, and at the time of the trial, there was upon the property a "grocery store, a lumber yard, *plaining* mill, silo and *grainery,* and one or more small houses built and set on blocks for sale and removal." The judgment of the trial court, to the effect that Stubbs was using his property in the same manner as he was using it when the land was annexed by the city, and that the zoning ordinance was an arbitrary and unreasonable exercise of the zoning powers of a home-rule city such as Lubbock, was affirmed by the Court of Civil Appeals and this judgment became final. 278 S.W. 2d 519, wr. ref. n.r.e.

The trial court in the former suit concluded as a matter of law that "defendant's property was actually within a business district and that the evidence so further showed it beyond a reasonable doubt, and that such zoning of his property in an "A" (residential) zone is unreasonable and its application to his property is therefore void when applied to defendant's property in the use he was making thereof." The respondent contends that this conclusion of law amounted to a holding that Ordinance No. 661 was void, and that such holding is res judicata of the issues in the present suit. With this contention we cannot agree. The "take nothing" judgment entered against the city was based on the conclusion that the ordinance was void and of no force and effect "when applied to defendant's property in the use he was making thereof." The court did not hold that the ordinance was void when applied to a use different from the use he was making of the property at the time of the trial. There was an issue raised by the pleadings of the city which was similar to the issue in the present case. The city alleged that Stubbs was constructing improvements on his land "preparatory to using such premises as a tourist court or trailer court in violation of the Building Code and the Comprehensive Zoning Ordinance (661) of the City of Lubbock." Stubbs filed a verified pleading specially denying he was improving or using the property as a tourist or trailer court, and that it was not his plan, purpose or design to use it as a trailer court or tourist court. Thus, it is seen that the only use other than the non-conforming uses

alleged by Stubbs in the former suit was eliminated. Stubbs, in the trial on the merits, testified that he never had any intention of using his land for any purpose other than that to which it was devoted at the time of the annexation. The city offered no evidence to the contrary upon this particular issue. The judgment of the trial court, dissolving the temporary restraining order theretofore granted, followed. The judgment of the Court of Civil Appeals in no way indicates that the use of the land by Stubbs as a "trailer park" or "trailer court" was authorized by its judgment or that of the trial court. The injnjunction prayed for by the city was denied, and Stubbs was authorized to continue using the property in the manner it was being used at the time of annexation.

In the present suit, the city alleged that on or about April 6, 1955, it passed and adopted on final reading Ordinance No. 1695, which became effective on April 27, 1955, thereby dividing the area within the corporate boundaries of the City of Lubbock into districts in accordance with a city-wide comprehensive zoning plan, as provided in Section 3 thereof of the Ordinance. A copy of the ordinance, together with amendments, was filed with the petition.

The city filed the present suit alleging that the foregoing ordinance permitted certain uses, but that the uses permitted in the area involved and classified as "R-3," multi-family, Section 8 of the ordinance, do not include "the unconditional use of said property as a trailer park, or for the use of parking, storing or standing and providing accommodations for trailer coaches or mobile trailer houses." The city alleged that Stubbs is "now using and occupying" a certain described area of his land as a trailer coach park and has placed or cause to be placed within the area so described some 49 (evidence shows 48) mobile trailer houses, all in violation of its comprehensive zoning ordinance, supra. The city requested in its prayer that Stubbs be temporarily enjoined from "further additional use of the property * * * as a trailer coach park or mobile home area, etc.," and that Stubbs be restrained and enjoined from so using the premises in violation of Ordinance No. 1695, as amended.

The temporary injunction was issued "restraining and enjoining defendant from further additional use of the property, premises and area lying between 35th Street and 36th Street and Avenue P and Paris Avenue, extended, within the boundaries of the City of Lubbock, as a trailer coach park, or mobile home residence area or to use same or permit to be used for the pur-

pose of parking, storing or standing any trailer coach or mobile trailer house of any type, character or construction, or permitting such property, premises and area to be used for this purpose, and from further renting, giving or granting of any portion of said area to be used to park, store or stand any trailer coach or mobile trailer house by any other person."

1 It is clear that the present suit involves the issue of Stubbs' present use of his land, and that the cause of action alleged by the city is based upon acts of Stubbs subsequent to the judgment rendered in the former suit. Further, the present suit involves a different ordinance. In the former suit, Stubbs defensively alleged that he was using his property to carry on his grocery business, etc. In the present suit, he alleges, defensively, that he is using the property as he was when the comprehensive zoning ordinance (No. 1695) was enacted in April 1955. In this connection, the city contends that this ordinance is an amendment to the old ordinance, but that, in any event, the fact that Stubbs was apparently using the property as a trailer court in 1955 prior to April 1955, the date of the amendment of its comprehensive zoning ordinance, does not present the same issue as presented to the court in 1954, and was not concluded by judgment rendered at that time. The present suit has not been tried on its merits. While we agree with the city that the issues are not the same in the two suits, we refrain from passing upon the issues yet to be tried on the merits.

It is only where essential issues of fact have or could have been adjudicated in a former suit, between the same parties, that the judgment entered therein will stop the parties from relitigating the same issues in a subsequent suit between the same parties. See Kirby Lumber Corp. v. Southern Lumber Co. et al., Texas Civ. App., 192 S.W. 2d 460, affirmed, 145 Texas 151, 196 S.W. 2d 387; Houston Terminal Land Co. v. Westergreen, 119 Texas 204, 27 S.W. 2d 526.

2 Estoppel by judgment extends only to facts in issue as they existed at the time the judgment was rendered, and does not prevent a re-examination of the same question between the same parties, where, in the interval, the facts have changed, or new facts have occurred which may alter the legal rights or relations of the parties. See Fort Worth Stockyards Co. v. Brown, Texas Civ. App., 161 S.W. 2d 549.

3 Since we have held that res judicata is not applicable, the judgment of the Court of Civil Appeals must be reversed. Having

so held, we must determine the nature of judgment to be entered by this Court. The trial court granted a temporary injunction. The Court of Civil Appeals not only dissolved the injunction, but ordered the case dismissed. The purpose of a temporary injunction is to preserve the last peaceable status quo. See Transport Company of Texas v. Robertson Transports, Inc., 152 Texas 551, 261 S.W. 2d 549. The status quo in this case was the status which existed at the time of the filing of the present suit. Upon oral presentation of this cause, it was conceded by all parties that the injunction does not apply to the 48 mobile trailer houses on the property at the time this suit was filed. We construe the injunction in accordance with the concession.

The judgment of the Court of Civil Appeals is reversed, the cause is reinstated, and remanded to the trial court for trial in accordance with this opinion.

Opinion delivered July 8, 1959.

Rehearing overruled October 7, 1959.