T. D. ANDERSON, ET AL v. TALL TIMBER CORPORATION

No. A-8244. Decided June 14, 1961
Rehearing overruled July 19, 1961
(347 S. W. 2d Series 592)

*Baker, Botts, Andrews & Shepherd, Thomas M. Phillips, Homer L. Bruce* and *James P. Lee,* Houston, and *R. P. Burks,* City Attorney and *Homer T. Bouldin,* Assistant City Attorney, of Houston, for petitioners.

*George H. Hill,* of Houston, for respondent.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

T. D. Anderson and others brought this suit against the Tall Timbers Corporation for a declaratory judgment and for a permanent injunction. The trial court granted a temporary injunction to preserve the status quo pending a trial on the merits of the case. That action was reversed, and the temporary injunction was dissolved by the Court of Civil Appeals. 342 S.W. 2d 452.

The purpose of the suit was to enjoin Tall Timbers from opening or attempting to open a street from Olympia Drive and Westlane in River Oaks in Houston to a 149-unit apartment project of Tall Timbers on the adjacent property. The City of Houston intervened and adopted the pleadings of Anderson. It answered further that if the area in question had previously been dedicated as a street, which was denied, the City had never accepted the dedication. The facts of the case as they were developed are set out, together with a map of the area in question, in the opinion of the Court of Civil Appeals.

In its judgment granting the temporary injunction, the trial court found that a bona fide controversy existed between the parties; that the building of a street in the area would necessarily involve the destruction of a number of beautiful shade trees, would alter the contour and present condition of the land, and would otherwise do irreparable injury to owners of homes in the area.

There is ample authority, and there are sufficient merits and property rights involved, to sustain the action of the trial court in granting the temporary injunction pending the trial of this case. *Southwest Weather Research, Inc. v. Jones,* (1959) 160 Tex. 104, 327 S.W. 2d 417; *City of Lubbock v. Stubbs,* (1959) 160 Tex. 111, 327 S.W. 2d 411; *Transport Co. of Texas v. Robertson Transports, Inc.* (1953), 152 Tex. 551, 261 S.W. 2d 549.

The questions before the trial court were not simple. That court was called upon to decide whether or not there had been a dedication to the public and an acceptance of the dedication by the City, whether there was a private easement with the 6-acre

Tall Timbers tract being the dominant estate, and other related matters. The plat of the subdivision had been of record over 20 years; and the area in question, designated on the plat as an easement, had never been opened to public travel. Substantial sums of money had been invested by residents of the River Oaks addition in the building of homes, including the yards adjacent thereto.

Moreover, the City of Houston was made a party to the suit only a few days before the hearing on the temporary injunction. The Senior Assistant City Attorney, Mr. Bouldin, stated to the trial court that the City had just been served with citation at noon on the day before the morning of the trial; that the pleadings already on file were voluminous; and that the City had not had an opportunity to prepare pleadings. He, at that time, orally adopted the pleadings of the plaintiffs. Speaking for the City, he joined with the plaintiffs in asking that the temporary injunction be granted to preserve the status quo. It was his contention that it was the power and duty of the City to determine what streets should be opened, to supervise the manner of the opening, and the construction of the street. He argued that there was good reason for this including, among others, the proposition that the City is liable in damages for failure to keep the streets which are opened in a reasonably safe condition; that the City should be consulted before the defendants be allowed to open the "street" in question if it was a street. He pointed out that it was the policy of the City to not accept land for street purposes which was not 60 feet in width. The "easement" or "street" in question is 40 feet in width. There was a city ordinance which made it a penal offense to open a street without the consent of the City. That consent had not been obtained.

After the attorney for the City finished his argument to the court urging the entry of the temporary restraining order to preserve the status quo, the court stated, "All right. The temporary injunction is granted." Thereafter an argument ensued over the amount of the bond, and the court fixed it at $50,000. Counsel for defendant took his exception to the ruling of the court. After this had all been accomplished, the temporary injunction granted and bond set, counsel for defendants stated that he wasn't aware that the City was going to take an active part in "the hearing." He then said, "I would just like to say in open Court, for *Mr. Bouldin's* [the City Attorney's] *benefit,* that the notice of this hearing beat the [defendant's] contractor

to the City with his application for a permit under the ordinances pertaining to private works in public streets. We did not pursue that for the reason that it seemed useless to do so, with this hearing scheduled." The Court of Civil Appeals treated this statement as a disclaimer to the court of any intention to violate the provisions of the ordinance. The statement was made for "Mr. Bouldin's benefit" and came after the court had made its ruling. The trial court is entitled to have the appellate court pass upon the question of abuse of his discretion as of the time he rules. We think under facts and circumstances, he did not abuse his discretion in granting the temporary injunction to preserve the status quo until the case could be tried on its merits.

This opinion is not to be construed as passing on the merits of the case in any respect. Its sole function is to uphold the action of the trial court in granting the temporary injunction.

The judgment of the Court of Civil Appeals dissolving the temporary injunction and remanding the cause is reversed, and the temporary injunction entered by the trial court is reinstated.

MR. JUSTICE CULVER, joined by JUSTICES GRIFFIN and SMITH, and CHIEF JUSTICE CALVERT, dissenting.

Petitioners, Anderson et al., at the hearing on their application for temporary injunction, introduced in evidence the plat of Tall Timbers Section of River Oaks Addition, together with a document filed in connection with the plat entitled "Reservations, Restrictions and Covenants in Tall Timbers Section of River Oaks."

No other evidence was presented by petitioners except a copy of their petition filed in this case, certain correspondence passing between the parties introduced for the purpose of showing a threat on the part of Tall Timbers to proceed with the project and the ordinance of the City of Houston denying to any person the right to lay out a street within the city limits without first obtaining the consent of the City Council.

In his opening statement the attorney for petitioners advised the trial judge as follows:

> "So that, Your Honor, it follows that since these two documents are unambiguous and plain on their face, the meaning of these two documents presents a legal question, and a question solely for the Court."

The Court of Civil Appeals agreed that only a question of law was presented and on the authority of Southland Life Insurance Co. v. Egan, Tex. Com. App., 86 S.W. 2d 722, correctly announced the rule to be:

"It is true that there is a bona fide dispute between the parties, but the existence thereof is no proper ground for granting injunctive relief if the facts and law in the case are undisputed."

Aside from the matter of obtaining a permit from the City of Houston for the purpose of opening the street, the reasons assigned by the trial court for granting the injunction were (1) that the opening of the street on the easement would cause the destruction of a number of beautiful shade trees and alter the contour and present conditions and the "status quo" of the land and result in irreparable damage to the adjoining landowners; (2) that the opening of the street to travel by the public would cause irreparable detriment to the petitioners and other home owners in the Tall Timber Section; (3) that said easement was created or reserved for the purpose only of installing and maintaining utilities; (4) that there appears to be a bona fide controversy as to whether Tall Timbers has the right to open a street along and over the easement; (5) that the status quo should be maintained until such time as the controversy can be brought on for hearing and determination on the merits. Obviously the only question involved in the case is the asserted right on the part of Tall Timbers to open a street over the easement. If that right exists it is immaterial that the shade trees will be destroyed and the contour of the land altered. The trial court construed the plat and the reservations, restrictions and covenants and concluded as a matter of law that the easement was created and reserved for the sole purpose of installing and maintaining utilities. The court found no other ground upon which to deny the right of Tall Timbers to open up the easement for public travel nor any facts that would give rise to a probable right on the part of petitioners to object. The Court of Civil Appeals held contrary to the trial court on this point of law.

The majority of this court are content to rest upon the general statement that there are "sufficient merits and property rights" involved to sustain the granting of this temporary injunction without disclosing what those merits may be. So far as any fact issues are concerned the cases cited in support of that statement are not particularly helpful and do not announce

any proposition of law contrary to that in the Egan case. In Southwest Weather Research, Inc. v Jones, 160 Tex. 104, 327 S.W. 2d 417, the court points out that the testimony upon the temporary injunction herein was conflicting with respect to the effect of the cloud-seeding practice adopted for the purpose of producing rainfall and that the cases involved complicated scientific problems as well as the legal determination of property rights.

In the City of Lubbock v. Stubbs, 160 Tex. 111, 327 S.W. 2d 411, there were presented issues of fact. The principal question involved was whether or not those facts had been determined in a prior case so that the rule of res judicata would apply.

The question in Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W. 2d 549, was whether the administrative order of the Railroad Commission was supported by substantial evidence and while that is a question of law it could only be determined from a review of the entire record after a full and final hearing. In the case before us it would not appear that two trials should be necessary to construe the plat and the accompanying restrictions and reservations.

Since both courts below have proceeded on the theory that only a question of law is involved, I think this court should do likewise.

While it does appear that Tall Timbers has no intention of proceeding with this project until a permit has been secured from the City, I agree with the majority that no abuse of discretion on the part of the trial court is shown in so far as the temporary injunction restrains Tall Timbers until such time as a permit has been secured, and I concur with the majority to that extent.

In my opinion the holding in Pittman et al v. State, Tex. Civ. App., 234 S.W. 2d 436, cited by the Court of Civil Appeals, does not apply to the right of the City for injunctive relief to prevent a violation of this ordinance. The rule is stated in 43 C.J.S., Injunctions, § 152:

"Where an injunction is necessary for the protection of public rights, property or welfare, the criminality of the acts complained of does not bar the remedy by injunction, and

the court will consider the criminality of the act only to determine whether, under the particular circumstances, equitable intervention is necessary. * * *."