Jack DUNN, Appellant,

v.

Harper F. PATTON et ux., Appellees.

No. 4034.

Court of Civil Appeals of Texas.

Waco.

July 26, 1962.

W. L. Tandy, Waco, for appellant.

James T. Mixon, Waco, for appellees.

WILSON, Justice.

The temporary injunction decree appealed from restrains appellant from completing, maintaining and using a building which the court determined violated restrictive covenants governing construction on the land on which it was erected.

Appellees move to dismiss the appeal for failure of appellant to file a brief. The motion is overruled. No brief is required under Rule 385(d), Texas Rules of Civil Procedure. Since the time for filing brief has expired, our duty is to determine whether from "the bill and answer and such affidavits and evidence as may have been admitted" the decree was proper or shows abuse of discretion. Hotel, etc. League v. Longley, Tex.Civ.App., 160 S.W.2d 124, 126; Austin v. Consolidated Casting Co., Tex.Civ.App., 246 S.W.2d 273.

We are of the opinion no abuse of discretion is reflected by the granting of that portion of the relief above recited. However, the decree further granted a "temporary mandatory injunction" requiring removal of the improvements "within 25 days after judgment in this cause becomes final." This portion of the order does more than preserve or restore the status quo, the purpose of a temporary injunction. Camp v. Shannon, Tex.Sup., 348 S.W.2d 517, 519; it changes it, and improperly determines the entire controversy, which is not the office of a temporary injunction. Story v. Story, 142 Tex. 212, 176 S.W.2d 925, 928; Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, syl. 10; 31 Tex.Jur.2d p. 96. See City of Lubbock v. Stubbs, 160 Tex. 111, 327 S.W.2d 411, 415. In the latter case it was said the status quo to be preserved by a temporary injunction, the last peaceable status quo, "was the status which existed at the time of the filing of the present suit." To require removal of the building is more than is necessary to preserve the status quo pending final determination.

The judgment is reformed by deleting this provision, and as reformed is affirmed. Costs are taxed equally between the parties.