**TALL TIMBERS CORPORATION et al.,**
**Appellants,**

**v.**

**T. D. ANDERSON et al., Appellees.**

**No. 16394.**

Court of Civil Appeals of Texas.

Fort Worth.

July 12, 1963.

Rehearing Denied Sept. 13, 1963.

See also 162 Tex. 450, 347 S.W.2d 592.

George A. Hill, Houston, for appellant, Tall Timbers Corp.

O. J. Cadwallader, Houston, for appellant, River Oaks Corp.

Baker, Botts, Shepherd & Coates, Homer L. Bruce, Robert J. Malinak, and Thomas M. Phillips, Houston, for appellees, T. D. Anderson and other individual appellees.

**216**

R. H. Burks, City Atty., and Homer T. Bouldin, Sr. Asst. City Atty., Houston, for appellee City of Houston.

LANGDON, Justice.

This is an appeal from a summary judgment. Originally it was a suit for declaratory judgment and a permanent injunction initiated by T. D. Anderson et al., individually and on behalf of the residents and owners of property in Tall Timbers Section of River Oaks Addition to the City of Houston, Harris County, Texas, against Tall Timbers Corporation, defendant in the trial court and appellant herein, decreeing that a 40 ft. easement in said subdivision is a private easement restricted to use for utility purposes and enjoining its use by appellant as a roadway.

River Oaks Corporation, the subdivider of Tall Timbers Section intervened, contending that the easement in dispute had been dedicated to the public as a roadway. The appellant filed a cross-action for declaratory relief and damages and impleaded the City of Houston as a defendant. Appellees then filed an application for a temporary restraining order asking that appellant be temporarily restrained and, after hearing, be temporarily enjoined from using the disputed easement as a roadway. The trial court granted the temporary restraining order requested by appellees, gave notice of hearing and after hearing granted to appellees and to the City of Houston a temporary injunction enjoining appellant from using the disputed easement as a roadway pending the trial of the suit on its merits. From such order the appellant perfected its appeal to the Court of Civil Appeals which reversed the trial court holding that under the undisputed facts in evidence the disputed easement had been dedicated to the public as a roadway, and that appellant, Tall Timbers Corporation, had a right to the use of such public roadway and, as an abutting property owner having purchased by reference to a plat upon which the disputed easement was

shown, had an additional private easement in and right to the use of such roadway, but suspended that portion of its judgment dissolving the temporary injunction pending disposition of appellee's application for writ of error to the Supreme Court of Texas (Tex.Civ.App., 342 S.W.2d 452).

The application of appellees, T. D. Anderson et al. and of the City of Houston to the Supreme Court of Texas for a writ of error was granted. By a 5 to 4 decision the Supreme Court reversed the Court of Civil Appeals and held that the trial court did not abuse its discretion in issuing the temporary injunction, but expressly stated that such "opinion is not to be construed as passing on the merits of the case in any respect." (347 S.W.2d 592).

Thereafter the plaintiffs T. D. Anderson et al., the impleaded defendant, the City of Houston, the intervener, River Oaks Corporation and defendant, Tall Timbers Corporation, each moved for summary judgment. The trial court granted the motions for summary judgment of plaintiffs T. D. Anderson et al. and of the City of Houston and denied the motions for summary judgment of intervener River Oaks Corporation, and of defendant Tall Timbers Corporation. The appellants, Tall Timbers Corporation and River Oaks Corporation, each has perfected its appeal from such judgment.

We reverse and render in part and remand in part with instructions to the trial court.

In order that the questions involved on this appeal may be more clearly understood we believe it appropriate to briefly summarize the history and background of the property involved. Prior to 1939 the River Oaks Corporation had developed its River Oaks Addition on the western edge of Houston. It is a widely known and exclusive residential addition. In 1939 the River Oaks Corporation created the last extension of River Oaks Addition to the west which was designated as the Tall Timbers Section. It too is a highly regard-

ed residential section. The plat of this area is contained on pages 456 and 457 of the previous Court of Civil Appeals opinion, 342 S.W.2d 452. It reflects the two (2) 40 ft. easements and the north and south reserved sections to which they extend. The north reserved tract was sold and a private residence constructed thereon. The north 40 ft. easement is presently being used as an access road to and from such private residence. In 1959 the south reserved tract was sold to the appellant, Tall Timbers Corporation, who proceeded to build some apartments thereon and expressed its desire to use the south 40 ft. easement as a roadway. The 50 residents of the Tall Timbers Section of the River Oaks Addition in protest of such use initiated this action. Subsequently they were joined by the City of Houston.

The original cause of action was filed on October 20, 1959. A temporary restraining order was entered on February 1, 1960. On December 8, 1960, the Houston Court of Civil Appeals handed down its opinion, 342 S.W.2d 452, and on June 14, 1961, the Supreme Court of Texas reversed the Court of Civil Appeals, 162 Tex. 450, 347 S.W.2d 592. Following the first appeal while this action was pending in the trial court, the City of Houston, one of the parties herein, on February 13, 1962, had presented and passed Ordinance No. 62–212, which was approved by the mayor on the same day. It provided in effect that it was closing to the public and abandoning as a thoroughfare the south 40 ft. easement and granting to the owners of lots abutting on either side the right to enclose, use and build upon said strip thus abandoned subject to the rights reserved in said 40 ft. easement for the installation and operation of utilities.

On April 2, 1962, the summary judgment was signed and entered by the trial court and this appeal from such judgment was perfected.

From the above summary one can readily understand the reasons for the positions taken by appellees and appellants as to the opening of the 40 ft. easement and its use as a street.

A study of the record in this case reflects that the material evidence contained therein is substantially identical to that which was before the Court of Civil Appeals on the prior appeal concerning the nature and purpose of the disputed easement. The additional evidence in the record on this appeal which will be referred to as it may become pertinent to a discussion of the various points serves to strengthen and support the previous holding of the Court of Civil Appeals.

■ The judgment of the trial court is inadequate in that it did not determine and spell out the rights of the parties in the disputed easement. It now becomes the duty of this Court to construe the subdivision plat and document in question and to define and declare such rights. Forbes v. Texas Department of Public Safety, Tex.Civ.App., 335 S.W.2d 439 (no writ history); Republic National Bank of Dallas v. Fredericks, Tex.Civ.App., 274 S.W.2d 431, p. 438, reversed on other grounds, 155 Tex. 79, 283 S.W.2d 39; Voyer v. Gomez, Tex.Civ.App., 258 S.W. 2d 859, pp. 861, 862 (no writ history).

It is the further duty of this Court to determine all of the questions presented and if reversible error is found then to render such judgment as the trial court should have rendered. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, p. 400.

Because of the form of the judgment appealed from the appellant's formal points of error are primarily based on what the court failed to hold rather than what it did hold.

In essence the judgment of the trial court recited that there is no issue as to any material fact and that the motions of the plaintiffs and the City of Houston for summary judgment should be granted and the motions of the defendant Tall Timbers Corporation and of the intervener, River

Oaks Corporation, should be denied. The judgment accordingly denied the motion of the defendant and intervener and permanently enjoined Tall Timbers Corporation, its officers, agents and servants from entering the disputed 40 ft. easement and from doing any work on it in connection with building a street, thoroughfare or passageway thereon. Tall Timbers Corporation both as defendant and cross-plaintiff was denied any recovery or relief sought against plaintiffs or the City of Houston as was the intervener, River Oaks Corporation. The Travelers Indemnity Co., surety upon the temporary injunction bond was discharged from all liability to Tall Timbers Corporation upon said bond. All costs were assessed against Tall Timbers Corporation. Other than formal recitations this is the extent of the judgment entered by the trial court.

■ The record reflects that no depositions were taken or filed by or on behalf of any of the parties to this cause. No oral testimony of witnesses appears. The testimony of witnesses is confined to the verified written matter appearing in the affidavits and sworn pleadings of the parties. It must be assumed that since all parties involved filed motions for summary judgment that each is convinced that the questions involved could properly be resolved as a matter of law on the basis of the affidavits and sworn pleadings. Each contends that the plat and reservations document are plain and unambiguous. We share the same belief. Thus their construction becomes a matter of law and no issue of fact is involved.

On the prior appeal, Tex.Civ.App., 342 S.W.2d 452, the plat involved herein was reproduced for reference on pages 456 and 457. The opinion likewise contains a thorough and detailed discussion of the evidence relating to the material facts involved on this appeal to all of which reference is made for examination of the plat, discussion of the evidence and the designations contained therein on page 455 of the opinion relating to the north reserved tract and the south reserved tract and to the entire opinion. Thus this Court will be relieved of the necessity of undue repetition.

■ From an examination of the record in this case and a careful study of the opinion on the former appeal it is quite obvious that a unanimous Court of Civil Appeals made an exhaustive and painstaking study of the subdivision plat and document of Tall Timbers, in the light of the undisputed evidence in the record then before them which as previously stated is substantially the same as is before this Court. Upon the basis of such judgment the court held that, "There is nothing in the record to indicate that the 40 foot easements were created or reserved for utilities, much less for utilities only", 342 S.W.2d 452, p. 460, and on page 461 of the opinion that "It seems to us inconceivable that the owner of Tall Timbers Section and the two 6 acre reserved tracts adjoining would sell all its lots in the subdivision without providing a way of ingress and egress to and from the reserved tracts. The evidence is undisputed that it did not do so. The locations and forms of the 40 foot easements on the plat reflect the obvious purpose to connect the reserved tracts with the subdivision streets." This Court is in full accord with the above holding based on the same evidence and citations of authorities set out in the opinion.

The Supreme Court of Texas on the prior appeal, 162 Tex. 450, 347 S.W.2d 592, in a 5 to 4 decision made no attempt to analyze or to construe the plat and document or to define the rights of the parties involved. Its ruling was confined solely to upholding the trial court's action in granting the temporary injunction to maintain the status quo pending a trial on the merits without "passing on the merits of the case in any respect." The opinion of the Supreme Court is discussed in Texas Law Review, Vol. 40, No. 3, p. 409, February, 1962; South Texas Law Journal, Vol. 6, No. 2, p. 148, Spring, 1962.

Again referring to the previous opinion of the Court of Civil Appeals in 342 S.W.2d 452, 459, 460, 461, (4, 5), (6) and elsewhere in the opinion which pertains to the court's interpretation of the plat involved herein and being in full accord with the reasoning of the court, its holdings and the evidence and authorities supporting it we hereby adopt same as a part of this opinion to the same extent as though it were fully incorporated herein. Additionally we wish to emphasize that while the 10 and 20 ft. easements are all, with the exception of five 10 ft. easements, designated for "utilities", "electric lighting and telephone" and "drainage and utilities" that all of such easements are bounded by dotted lines and cross lots and blocks. That the size, spacing and location of the five 10 ft. easements designated merely as "easements" very clearly demonstrate that they were laid out for utilities and designed to serve the same purposes as the other 10 and 20 ft. easements designated for utilities. Further that emphasis and significance should be given the fact that the two 40 ft. easements are bound by unbroken lines rather than dotted lines and do not cross any lot or block, and are of the same width. That the north 40 ft. easement leads directly from Inverness Dr., to the north reserved tract and the south 40 ft. easement, involved in this suit, leads directly from Westlane Street to the south reserved tract. If the north 40 ft. easement had not been created or reserved there would be no way of ingress and egress to the north reserved tract. The record discloses that the north 40 ft. easement is presently being used for access to the north reserved tract. It appears absurd to us to contend that a different purpose or use was intended for the south 40 ft. easement. An objective examination of the plat reflects that both of such easements were intended to be used as a way of ingress and egress to the reserved tracts. Certainly the width is adequate, especially in view of their length. They are shaped like roads, lead from roads and were obviously designed as roads.

In our opinion there is no language on the plat or in the reservations document which viewed objectively and practically is capable of interpretation to the effect that either one of the 40 ft. easements are for utility purposes only. No such limitation is apparent or indicated from an examination of the plat.

From the situation and form of the south 40 ft. easement on the plat of Tall Timbers Section, the natural inference of those who consulted the plat, with a view to purchase, would be, that it was intended to remain an open space, common, or way, for public use. Oswald v. Grenet, 22 Tex. 94.

The plat of Tall Timbers Section shows the south 40 ft. easement as a strip wider than the utility easements, but not quite as wide as the streets named on the plat. To one buying property in Tall Timbers Section, the recorded plat clearly indicated that the strip was intended as a street or an open way reserved for public use. Since this was the condition when appellant purchased the south reserved tract, we construe the plat as a dedication of the south 40 ft. easement for a public roadway. Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287, affirmed by the Supreme Court, 102 Tex. 54, 113 S.W. 1167.

The plat of Tall Timbers Section shows on its face a legal dedication of the south 40 ft. easement for a public way. Martinez v. City of Dallas, supra.

If the 40 ft. easements shown on the plat of Tall Timbers Section be not construed as passageways of some kind, the north reserved tract would have no access to a public street. There is no reasonable construction of the plat other than that the 40 ft. strips were intended as passageways between the "Reserved" tracts and Inverness and Westlane streets, respectively, for the benefit of those acquiring the "Reserved" tracts. What designation should be given to these passageways, whether streets, alleys or other ways, is wholly immaterial. Manziel v. Railroad Commis-

sion, Tex.Civ.App., 197 S.W.2d 490 (writ ref.).

The south 40 ft. easement, being a way over land set apart for public travel in a city, is a street, no matter what it may be called. Kalteyer v. Sullivan, 18 Tex. Civ.App. 488, 46 S.W. 288 (writ ref.).

If River Oaks Corporation did not intend to dedicate the area in question as a public road, it should not have impressed the said area upon the plat as "Easement", and then made the plat a part of its dedication deed and recited on the plat that River Oaks Corporation did thereby "make subdivision of said property for and in behalf of said River Oaks Corporation, according to the streets, lines and tracts shown hereon." Maisen v. Maxey, Tex.Civ.App., 233 S.W. 2d 309 (ref., n. r. e.).

The plat of Tall Timbers Section shows the existence of the south 40 ft. easement. It can be ascertained with reasonable certainty the purpose for which this easement was intended. Appellant purchased the south reserved tract within the platted area in reliance on the plat and thereby acquired by purchase as an incident to its property the right to have such easement left open for the uses and purposes for which it was dedicated. Fall v. Thompson (Tex.Com.App.), 87 S.W.2d 712, opinion adopted by the Supreme Court.

Appellees are bound by the recorded plat of Tall Timbers Section with reference to which they purchased, and acquired no right to enjoin any lawful use of the south reserved tract by appellant, Robbins v. Houck, Tex.Civ.App., 251 S.W.2d 429 (ref., n. r. e.). In the absence of language in the plat or document specifically negativing such assumption, it will be assumed that River Oaks Corporation and the purchasers of lots in Tall Timbers Section contemplated changes in the use of the servient tenement (i. e., the south 40 ft. easement) by the normal development in the use of the dominant tenement (i. e., the south reserved tract). Knox v. Pioneer Natural Gas

Company, Tex.Civ.App., 321 S.W.2d 596 (ref., n. r. e.). The south reserved tract, being the tract of land benefited by the south 40 ft. easement, is the dominant estate, or dominant tenement, and the south 40 ft. easement, being the land upon which the easement is imposed, is the servient estate, or servient tenement. The south 40 ft. easement belongs to and goes with the south reserved tract. West v. Giesen, Tex.Civ.App., 242 S.W. 312 (writ ref.). Whether the servitude created by the filing of the plat is a dedication or reservation is of no consequence. As stated in Lamar County v. Clements, 49 Tex. 347, the distinction is merely nominal. It is likewise immaterial whether the City of Houston has accepted the easement as a street, since it is reflected on a plat approved by the City Planning Commission and lots have been sold by reference to such plat. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924.

The rights of appellant in the south 40 ft. easement are derived from an express grant in the recorded dedication of Tall Timbers Section—a grant which appears in appellees' chain of title and of which, therefor, they were charged with notice and must be held to have agreed to. The result is that appellant's rights are paramount, to the extent of the grant, to those of appellees. The limits of the south 40 ft. easement being defined in the grant, appellant has not only the right of free passage over the traveled part of the south 40 ft. easement but also over such portions thereof as appellant thinks proper or necessary. Williams v. Thompson, 152 Tex. 270, 256 S.W.2d 399.

The principle largely controlling this appeal—namely, that the sale of lands by reference to a recorded plat effects a dedication to the public of the streets, alleys, ways, etc. shown on the plat—presents a question which, in Texas, "is a very simple one". Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849, p. 851, and further the Supreme Court of Texas has indicated by its citation of authority in Martinez v. City of

Dallas, supra, that this "very simple" principle is uniformly recognized as the law in other jurisdictions.

The cases cited by appellees and the City of Houston to the effect that the dedication of the south 40 ft. easement, to be effective in so far as concerns the public, must be accepted, either expressly or by implication, by the public or by some agency representing the public, have no bearing upon the issue at bar. As between River Oaks Corporation and appellees, under the circumstances undisputed in the record, the dedication is effective and irrevocable by the former. Following the above well-established principle of law, as between appellant and appellees, the dedication is effective and irrevocable. See Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849, and page 852 thereof applying this doctrine as between different grantees of the dedicator.

■ When River Oaks Corporation filed the plat of Tall Timbers Section dedicating the south 40 ft. easement to public use, the public in general acquired a right to the use of such easement. But appellant acquired an additional right to the use of such easement by reason of its contract of purchase. The two classes of easements, the one inuring to the public in general by the filing of the plat and dedication, and the other inuring to appellant by reason of its contract of purchase, are separate and distinct rights which may co-exist in contemporaneous and harmonious operation and one may be destroyed without necessary impairment of the other. Eidelbach v. Davis, Tex.Civ.App., 99 S.W.2d 1067 (writ dism.).

The appellees herein are asserting ownership of the fee title to the disputed south 40 ft. easement on behalf of two of the appellees who own the lots on either side thereof.

The "Reservations" portions of the subdivision document expressly reserved the fee simple title to the "streets, drives, lanes and roads" to River Oaks Corporation.

The lots on either side of the south 40 ft. easement were sold by River Oaks Corporation by deeds in which the reservations, restrictions and covenants set forth in such subdivision document were adopted and made a part of such deeds. The Supreme Court of Texas pointed out in its opinion in State of Texas v. Williams, 161 Tex. 1, 335 S.W.2d 834, that the basis of appellees' claim of title is a mere legal inference, which may be rebutted by the express terms of the grant. The legal inference in this cause is expressly rebutted by the reservations in the deeds under which the owners of the two lots on either side of the south 40 ft. easement claim.

"Since filing for record said plat and reservations document, no conveyance has ever been made by intervenor to anyone including within its description any portion of the tracts of land lying within the confines of the two 40 foot easements." 342 S.W.2d 452, 455.

However, we are not concerned with the fee title to the south 40 ft. easement, but only with the uses that may be made of it by appellant and the public. Appellees purchased their lots with reference to the recorded plat and are bound thereby. They acquired no right to enjoin the use of the south reserved tract for any lawful purpose since it is unrestricted; nor did they acquire the right to enjoin any lawful use of the 40 ft. easement in connection therewith. Robbins v. Houck, Tex.Civ.App., 251 S.W.2d 429 (ref., n. r. e.,). It is our view that when the south reserved tract was sold, the right to use the south 40 ft. easement for ingress and egress to and from such tract in its then condition or subsequently developed state went with the reserved tract and is now held by appellant. West v. Giesen, Tex.Civ.App., 242 S.W. 312 (writ ref.).

■ The appellees having purchased their lots by conveyances referring to the recorded plat upon which the south 40 ft. easement is shown as a roadway connecting the south reserved tract of the

appellant to Westlane Street are bound by such recorded plat and accordingly are estopped to deny the dedication of such 40 ft. easement, as a public roadway and to contend that appellant has anything less than an unrestricted right to the use of such easement as a roadway between appellant's reserved tract and Westlane Street for any and all purposes incident to the use, enjoyment and development of appellant's reserved tract. Oswald v. Grenet, 22 Tex. 94; Martinez v. City of Dallas, 102 Tex. 54, 113 S.W. 1167; Manziel v. Railroad Commission, Tex.Civ.App., 197 S.W.2d 490 (writ ref.); Wolf v. Brass, 72 Tex. 133, 12 S.W. 159; Fall v. Thompson (Tex. Com.App.), 87 S.W.2d 712, opinion adopted by the Supreme Court; Joseph v. City of Austin, Tex.Civ.App., 101 S.W.2d 381 (writ ref.).

█ The undisputed evidence hereinabove set forth pertaining to the actions and intentions of intervener, River Oaks Corporation, supported as it is by the affidavit of Hugh Potter who, at all times pertinent to the statements verified in his affidavit, was the President of River Oaks Corporation in charge of its business and the pleadings of the intervener, was admissible as it does not vary or contradict the reading and logical interpretation of the plat and document which must be construed together. It is not recited because of any ambiguity in such instruments but because it shows a practical construction thereof, which should be given strong weight by the court in construing them. Tex.Civ.App., 342 S.W.2d 452, 459(1) and cases cited therein.

There is no pleading and no proof that any promise or agreement other than or in addition to that reflected by the plat was intended or was omitted from such plat through ambiguity, fraud, accident or mistake and therefore the opinions, hearsay and other matter alleged or presented to the trial court by the appellees by way of affidavit or pleadings tending to contradict or to vary the plain and unambiguous reading and interpretation of the plat were in-

admissible. Robbins v. Houck, Tex.Civ. App., 251 S.W.2d 429 (ref., n. r. e.); Williams v. Thompson, 152 Tex. 270, 256 S.W. 2d 399.

█ It is elementary that an affidavit in support of a motion for summary judgment is fatally defective when it does not allege that it was made on the personal knowledge of the affiant and does not show affirmatively that the affiant is competent to testify as to the matters stated therein. Lawyers Surety Corporation v. Sevier, Tex. Civ.App., 342 S.W.2d 604, 607 (no writ history); Watson v. Druid Hills Company, Tex.Civ.App., 355 S.W.2d 65, 68 (ref., n. r. e.). It is likewise fundamental that affidavits based on hearsay or conclusions of law or of fact are insufficient in summary judgment cases. Such affidavits must contain statements of fact which the affiant knows within his personal knowledge and which are admissible in evidence in the form in which the same are stated, and which the affiant is able to substantiate in the trial of the case on its merits, and that affidavits opposing a motion for summary judgment must meet the same requirements which pertain to affidavits in support of a motion for summary judgment. Leach v. Cassity's Estate, Tex.Civ.App., 1955, 279 S.W.2d 630 (ref., n. r. e.); Bliss v. City of Fort Worth, Tex.Civ.App., 1956, 288 S.W.2d 558 (ref., n. r. e.); Duffard v. City of Corpus Christi, 1960, Tex.Civ.App., 332 S.W.2d 447 (no writ history); Gaston v. Copeland, Tex.Civ.App., 1960, 335 S.W. 2d 406 (ref., n. r. e.); Box v. Bates, 346 S.W.2d 317 (Tex.Sup.Ct.), and cases cited therein.

Page 462 of the previous opinion of the Court of Civil Appeals, 342 S.W.2d 452, contains the provisions of Chapter 36, Art. 1, Sec. 36–2 of the Code of Ordinances of the City of Houston and same is discussed on pages 462, 463 and 464 of the opinion. Based upon the same discussion of evidence and authorities we hold that "no injunctive relief could lawfully be granted to either appellees or the City of Houston enjoining the violation of such penal ordi-

nance under well established law. The rule is clearly stated in Pitman v. State, Tex. Civ.App., 234 S.W.2d 436, 439." We do not purport to pass upon the validity of the ordinance in question (Sec. 36–2 of Chapter 36, Art. 1 of the Code of Ordinances of the City of Houston) or upon its applicability to the future opening and the construction by appellant of a road in the disputed easement.

The record reflects that the appellant, the owner since 1959 of the south reserved tract by deed making reference to the plat upon which the disputed 40 ft. easement was shown as an abutting roadway had no knowledge or notice of Ordinance No. 62–212 of the City of Houston (heretofore described) until after its passage. Further that appellant has never consented or agreed to such closing and abandonment. It has to the contrary asserted its right to and need for its use as a public street. That the disputed easement is being used by appellee, J. C. Suttles, as a private driveway so as to prevent the construction of a roadway in such easement adequate for vehicular traffic. The record discloses that a stack of bricks enclosed by a structure of pipes and wire are situated in the easement near its southwestern terminus in such a way as to obstruct and prevent the construction and use of such roadway at and near said bricks. That same were placed and are maintained therein by appellee J. C. Suttles without the consent and over the objection of appellant.

The City of Houston has asserted and admitted in its pleadings that it intends to refuse appellant any consent to the use of the disputed easement as a roadway. By Ordinance No. 62–212 the City of Houston, as heretofore stated, sought to close and abandon the easement as a roadway and to authorize the owners of the lots on either side to use and build upon same subject to rights reserved for installation and operation of utilities.

In Kalteyer v. Sullivan, 18 Tex.Civ.App. 488, 46 S.W. 288 (writ of error refused)

pages 290 and 291: An abutting owner has rights not shared by the public at large, special and peculiar to himself, which arise out of the very relation of his lot to the street in front or alley in the rear of it. These rights are property, and as such are as sacred from legislative invasion as his right to the lot itself. Dill.Mun.Corp. § 656a; Story v. Railroad Co., 90 N.Y. [122] 146; [Grand Rapids & Indiana] Railroad Co. v. Heisel, 38 Mich. 62; Adams v. [Chicago] Railroad Co., 39 Minn. 286, 39 N.W. 629 [1 L.R.A. 493]. The abutting owner's right of access to and from the street, subject to legitimate public regulations, is as much his property as his right to the soil within boundary lines. And when he is deprived of such right of access, or any other easement connected with the use and enjoyment of his property, other than by the exercise of legitimate public regulation, he is deprived of his property. 2 Dill.Mun.Corp. § 487b. * * *

"When a city, without pretense of authority and in direct violation of statute, assumes to grant to a private individual the right to obstruct a public highway, while in the transaction of his private business, it must be regarded as maintaining a nuisance, so long as the obstruction is continued by reason of such license. Cohen v. City of New York, 113 N.Y. 532, 21 N.E. 700 [4 L.R.A. 406]. 'The king cannot license the erection or commission of a nuisance, nor in this country can a municipal corporation do so by virtue of any implied or general powers. * * * The usual power to regulate and control streets has ever been held not to authorize the municipal authorities to allow them to be encroached upon by the adjoining owner by erections made for his exclusive use and advantage.' * * * The owner of land abutting upon a street or alley, one end of which is obstructed so that he cannot have egress from his property to other streets in that direction, suffers an injury peculiar to himself by reason of the public nuisance (Bannon v. Murphy [Ky.] 38 S.W. [889] 890), and is entitled to such relief."

In a case in which the City of Mission was unable to discharge the burden of proving a valid dedication of the alley the obstruction of which it sought to enjoin, the Supreme Court of Texas has recently condensed, and reiterated, the holding of Kalteyer v. Sullivan, 18 Tex. Civ.App. 488, 46 S.W. 288, supra, into the following unqualified statement of the present law in Texas regarding the powers of a city concerning the closing of its streets (City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712, at page 715): "The city controls the streets as trustee for the public. It has no proprietary title nor right to exclusive possession. Its right of control is restricted by its trusteeship. It has the duty to maintain the streets and keep them open and free of obstruction. It can close a street only in the public interest and even then not over the objection of an abutting property owner with a co-existing private easement therein. Kahn v. City of Houston, Tex.Com.App., 121 Tex. 293, 48 S.W.2d 595; Dallas Cotton Mills v. Industrial Co., Tex.Com.App., 296 S.W. 503; 39 Tex.Jur., 603–605."

In the light of principles enunciated by the Supreme Court of Texas in City of Mission v. Popplewell, supra, the matter of whether or not the alleged Ordinance No. 62–212 of the City of Houston was enacted for a public purpose is immaterial, appellant being an abutting property owner with a co-existing private easement in the roadway which such ordinance purports to close.

The undisputed evidence reflects not only that appellant is the owner of property actually abutting upon that portion of a public street which the purported Ordinance No. 62–212 of the City of Houston seeks to close, but that appellant is the owner of a special private right and easement in and to the use of the disputed easement as a roadway by virtue of having purchased its property by reference to the plat of Tall Timbers Section upon which such easement is shown as a roadway,

and also by virtue of the language and legal effect of its deed, conveying to appellant a right to the use of the disputed strip as a roadway as an easement appurtenant to the south reserved tract. In our opinion the cases of Blair v. Astin, Tex. Civ.App., 10 S.W.2d 1054 (writ ref.), and Kahn v. City of Houston (Com.App.), opinion adopted by Supreme Court, 121 Tex. 293, 48 S.W.2d 595, constitute rulings of the Supreme Court of Texas precisely in point to the instant controversy, and holding that, even if the purported Ordinance No. 62–212 be assumed to be within the power of the City as having a legitimate public purpose and in our opinion it does not have, such ordinance cannot affect the private right and easement of appellant in and to the use of the disputed 40 ft. easement as a roadway, and that appellant is entitled to enjoin the closing of such easement by the City of Houston and the obstruction thereof by the City of Houston and appellees.

Appellant's points of error 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 14, 16, 17, 18, 22, 23, 24 and 25, complaining of the trial court's failure to hold in accordance with the holdings we have made, are sustained. In view of the disposition to be made by this court a discussion of the other points is deemed unnecessary.

The City of Houston occupies a unique position in this case and at times has assumed positions which are not only untenable but inconsistent.

Based upon the authorities as applied to the facts in this case we are of the opinion that Ordinance No. 62–212 of the City of Houston passed on February 13, 1962, is invalid and judgment is here entered in favor of the appellant vacating and holding for naught said Ordinance which purports to close the easement in question and to grant to the appellees owning lots on either side of the easement the authority to use, enclose and build upon such easement. Further with reference

to the City of Houston it appears well settled in Texas and elsewhere in the nation that the owner of property abutting upon a street or highway has a right of access (egress and ingress) to such street or highway and is entitled to just compensation for any interference with or denial or deprivation of this right of access. This is particularly true in the case of appellant herein who has rights as a member of the public and by way of private easement. Any holding to the contrary would arbitrarily deprive the appellant of valuable property rights without any notice or hearing of any kind and without fair compensation.

Based upon our findings and our application of the law to the facts in this case we are of the opinion that the learned trial court erred in granting appellees' motion for summary judgment. In our opinion the appellant's motion for summary judgment should have been granted and orders entered by the trial court in line with the relief prayed for by appellant (1) enjoining the appellees from enclosing, using, building upon or in any manner obstructing the 40 ft. easement or any portion thereof so as to interfere with, impair or restrict it to any degree throughout its entire length and to its full width and otherwise providing for the use of such easement as a public street and roadway. And (2) a mandatory injunction requiring the appellees responsible for obstructing the south 40 ft. easement in any manner by the maintenance of improvements, structures, bricks or personalty of any kind in such easement forthwith to remove same from the easement so as to permit its use for the purpose of a public street and roadway consistent with the rights of the appellant as defined herein.

Although this court could properly enter the orders above indicated, it is deemed more appropriate from the standpoint of supervision, control, hearings and enforcement to remand to the trial court with instructions as to the entry of such orders.

Accordingly the judgment of the trial court is reversed and rendered in part and remanded in part for limited administrative purposes pursuant to the instructions contained herein. Judgment reversed and rendered in part and remanded in part with instructions.